# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:20-CR-84 |
| v. ) | |
| ) | The Honorable Liam O'Grady |
| GARRISON KENNETH COURTNEY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S OPPOSITION TO
## GOVERNMENT'S MOTION TO REVOKE BOND

Defendant Garrison Kenneth Courtney, by and through undersigned counsel, hereby respectfully submits his response in opposition to the government's motion asking this Court to revoke his bond pending sentencing. Dkt. 18. In support of his response, Mr. Courtney provides the following:

### I. DEFENDANT HAS NOT HAD SUFFICIENT TIME TO INVESTIGATE AND RESPOND TO THE GOVERNMENT'S FACTUAL ALLEGATIONS

The government filed its motion to revoke bond at approximately 9:53 p.m. on Tuesday, August 11, 2020. Dkt. 18. On Wednesday, August 12, 2020, this Court entered an Order setting the government's motion for a hearing on Wednesday, August 19, 2020. Dkt. 19. In the same Order, the Court directed Mr. Courtney to file his response to the government's motion by 5:00 p.m. on August 14, 2020, with the government's reply due by noon on August 18, 2020. *See id*. Beginning on Wednesday, August 12, 2020, counsel for Mr. Courtney and the United States have had several discussions over the phone and via email to facilitate the transfer of discovery relevant to the government's motion.

Through the government's diligent efforts, counsel for Mr. Courtney was able to begin reviewing the relevant discovery on Thursday, August 13, at approximately 2:30 p.m. A

1

significant portion of the provided discovery consists of forensic-type reports of phone records, IP address records and other various account records and reports. Despite the nature of some of the materials, the government provided the discovery in a clear and organized matter, which has substantially facilitated its review. Nevertheless, some of the discovery requires additional investigation to better understand the significance of portions of the information, including the location of other relevant IP addresses that appear to have been used for certain communications during relevant time periods as well as additional phone numbers and accounts that appear to be affiliated with the records in question. Moreover, some of the records appear to contradict each other as to what type of device was where and at what time.

For those reasons, undersigned counsel continues to investigate the allegations in the government's motion as well as additional issues raised by the discovery. It is expected that those issues will continue to be investigated up until the time of the scheduled hearing.[1] Although undersigned counsel would like to respond to some of the factual allegations in the government's motion here, it is not possible to do so in a definitive manner absent further investigation and verification. Therefore, Mr. Courtney will refrain, in this pleading, from making any conclusive factual statements other than those that are clear from the discovery or the government's motion. Instead, Mr. Courtney will address several limited issues here and present any additional or newly discovered facts during the scheduled hearing.

## II.    PRELIMINARY RESPONSE TO THE GOVERNMENT'S ALLEGATIONS

Put simply, the conduct alleged by the government and attributed to Mr. Courtney doesn't make much sense, if any at all. Although it reads like something Mr. Courtney would do, given

---

[1] Undersigned counsel expects to receive additional discovery from the government once it becomes available.

he has pled guilty to engaging in similar conduct, there is no motive for him to have engaged in the alleged behavior. Whatever may be said of his admitted crimes, at least the motive was crystal clear – obtaining money through false representations. But unlike the fraud schemes Mr. Courtney pled guilty to, the allegations in the government's revocation motion fail to establish that Company N was being defrauded, or even potentially defrauded, out of any money in June 2020. Nor does it appear Mr. Courtney stood to gain *anything* by convincing Company N that a classified program did in fact exist.

Mr. Courtney's admittedly fraudulent prior schemes primarily involved false representations that he could obtain classified contracts for an employer in exchange for a non-official cover that included monetary payments in the form of a salary. Thus, the very point of the scheme was to *defraud companies into hiring him*, *and paying him money*, by convincing them that they would receive lucrative contracts in exchange.

In the government's most recent allegations, there does not appear to be any similar alleged scheme, even assuming every allegation is true, for "obtaining money or property." *See* 18 U.S.C. § 1341.[2] Mr. Courtney does not work at Company N and "senior executive" is well aware of that fact. Indeed, while "senior executive" appears to have read the Statement of Facts on or about the date of the guilty plea on June 11, the government had notified Company N of Mr. Courtney's entry of the plea long before June and had briefed Company N executives and/or counsel, with Mr. Courtney's permission, on the details of Mr. Courtney's plea agreement and admitted conduct. As a result of that disclosure, Company N placed Mr. Courtney on administrative leave without

---

[2] Although the government claims that Mr. Courtney's alleged June 2020 actions continue to "perpetrate his fraud," it does not appear to undersigned counsel that Company N was or could have been defrauded under the circumstances.

3

pay.  Shortly thereafter, Mr. Courtney formally submitted his resignation on April 22, 2020, and has not spoken to "senior executive" since on or around that date.

Therefore, it appears beyond dispute that Mr. Courtney had *nothing* to gain from furthering any false story about Company N being a part of a classified program.  Indeed, it seems highly unlikely that Mr. Courtney would involve himself in any such representation just over a week after admitting, without any hesitation, his guilt before this Court.  Especially when there was nothing in it for him.  Significantly, the government's allegations indicate that the only reason the issue over Company N's involvement with a classified program even came up in June was because "senior executive" reached out to GSA after reading the Statement of Facts to see if he could verify whether such a program existed.  That, in and of itself, is a peculiar fact.  If true, that means that *seven months* after "senior executive" apparently last discussed any classified program with Mr. Courtney, *two months* after Mr. Courtney resigned and Company N was made aware of the allegations and pending guilty plea, and *after reading a Statement of Facts that recounts company after company that Mr. Courtney defrauded with an identical scheme and makes clear that Mr. Courtney was never affiliated with the CIA*, "senior executive" reached out to GSA demanding that they verify the existence of the program and demanding to be read into it.  Dkt. 18 at 5.

Notably, "senior executive" did not reach out to Mr. Courtney.  Nor did Mr. Courtney reach out to him.  Instead, "senior executive" reached out directly to GSA and that was what set the course of events that would follow into motion. Importantly, there is no allegation in the government's motion that anyone at GSA or anywhere else ever told Mr. Courtney about this contact and there is no explanation for how he otherwise would have learned of it.  It should also be noted that nothing else happened in the approximately two months that have passed since the

4

exchange between "Devon Azzamoria" and "attorney in Company N's legal department."[3] Indeed, there does not appear to have been any other communications related to this issue despite a fairly exhaustive investigation into what occurred. To the extent this was an effort to further some sort of fraud, it is odd that it ended with a phone call and no follow-up, despite the apparent time and opportunity to carry it out.

While Mr. Courtney expects that the government's forensic evidence will raise additional questions in the Court's mind about the strength of its allegations, the point for now is that although the government's allegations are similar to Mr. Courtney's previously admitted conduct, there are reasons to be skeptical that Mr. Courtney was the one communicating with Company N. Both from a common-sense perspective, as outlined above, as well as from a factual perspective, which will be elaborated on once additional information has been obtained and verified. The evidence the government will rely upon to convince this Court to revoke Mr. Courtney's bond has its limitations and Mr. Courtney asks this Court keep an open mind despite the similar nature of the allegations.

### III. REQUEST FOR ORDER DIRECTING PROBATION TO PROVIDE GPS TRACKING RECORDS TO COUNSEL FOR THE UNITED STATE AND MR. COURTNEY

The Court may recall that, based on the parties' joint recommendation, it included GPS monitoring as a condition of Mr. Courtney's continued release on bond. Dkt. 13. That condition was later amended in order to enlarge the area in which Mr. Courtney was permitted to travel while on bond. Dkt. 16. In light of the discovery received thus far, undersigned counsel believes that records documenting Mr. Courtney's location and movement at various times will be relevant to

---

[3] It should also be noted that Company N's attorney was contacted directly on his/her business cell phone on a Saturday and not through the company's business directory during normal business hours. There is no mention of how Mr. Courtney would have obtained that number.

the allegations.  Undersigned counsel has requested Mr. Courtney's GPS tracking records for the month of June from the Probation Office.  The Probation Office has since advised counsel that the GPS records cannot be released absent a directive from the Court.  For that reason, undersigned counsel asks the Court to enter the attached proposed order directing the Probation Office to provide the requested GPS records to counsel for the United States and Mr. Courtney.  Undersigned counsel has conferred with government counsel who have indicated that the United States does not oppose this request.

WHEREFORE based on the foregoing reasons and any others that may appear to the Court, or that will develop at the hearing, Mr. Courtney respectfully asks this Court to enter the attached order and to deny the government's motion to revoke his bond.

Dated: August 14, 2020                                         Respectfully submitted,

                                                               GARRISON KENNETH COURTNEY,
                                                               By Counsel

                                                               /s/ Stuart A. Sears
                                                               Stuart A. Sears
                                                               VA Bar 71436
                                                               SCHERTLER ONORATO MEAD & SEARS, LLP
                                                               901 New York Ave., NW
                                                               Suite 500 West
                                                               Washington, DC  20001
                                                               Telephone:  (202) 628-4199
                                                               Facsimile:  (202) 628-4177
                                                               ssears@schertlerlaw.com

                                                               Attorney for Garrison Kenneth Courtney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August 2020, I electronically filed a true copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties.

/s/ Stuart A. Sears
Stuart A. Sears
VA Bar 71436
SCHERTLER ONORATO MEAD & SEARS, LLP
901 New York Ave., NW
Suite 500 West
Washington, DC  20001
Telephone:  (202) 628-4199
Facsimile:  (202) 628-4177
ssears@schertlerlaw.com