IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CR-84 |
| | ) | |
| GARRISON KENNETH COURTNEY, | ) | Judge Liam O'Grady |
|   also known as | ) | |
|     "Garrison Kenneth Pierson Courtney," | ) | |
|     "Glenn Nelson," | ) | |
|     "Glenn Nielson," | ) | |
|     "Gary Pierson," | ) | |
|     "Garrison Pierson," | ) | |
| | ) | |
|   Defendant. | ) | |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO
REVOKE BOND OF DEFENDANT GARRISON KENNETH COURTNEY**

The United States of America, by and through undersigned counsel, hereby respectfully submits this reply in support of its motion to revoke the bond of defendant GARRISON KENNETH COURTNEY. *See* Dkt. No. 18. In further support of its motion to revoke, the government states as follows:

1. In the government's motion to revoke the defendant's bond, the government summarized evidence showing that, beginning no later than 2019, the defendant had been attempting to defraud Company N through a scheme that was a continuation of or variation upon the fraudulent scheme to which he pleaded guilty in this case. *Id*. As summarized in the government's motion, the defendant fraudulently sought to convince officials from Company N that he was a "burned Agency asset" involved in a classified government program that might yield a lucrative, sole-source contract awarded by an agency within the Intelligence Community to Company N. *Id*. The government's motion further summarized the evidence that after the

1

defendant pleaded guilty in this case, and officials from Company N demanded assurances from a government official that the supposed program was real, the defendant posed falsely as a "duty officer" named "Devon Azzamoria" from the Office of the Director of National Intelligence ("ODNI").  In this fraudulent role, as outlined in the government's motion, the defendant used a burner telephone number to contact an attorney at Company N to emphasize that an executive from Company N was forbidden from speaking about the supposedly classified program, and that the government would soon validate this supposed classified program; just wait a little bit longer.

2. In response, the defendant has suggested that there might be some ambiguity in the evidence tying the fake ODNI telephone number to him, and asserts that he had no motive to engage in the conduct summarized in the government's motion.  *See* Dkt. No. 20.  Neither of these responses is convincing.

3. The evidence showing that the defendant falsely posed as "Devon Azzamoria" is overwhelming.  *First*, the internet protocol ("IP") records associated with the fake ODNI telephone number point unambiguously to COURTNEY.  Records from Talktone, Inc., attached hereto as GX 1, show that the fake ODNI telephone number was accessed from two IP addresses (and only two IP addresses) during the entire time that this account was active: 47.198.10.58 and 174.228.143.60.  GX 1.  Records from internet service provider Frontier Communications confirm that IP address 47.198.10.58 was assigned to the defendant's residence in Florida during the entire month of June 2020.  GX 3.  And if that were not obvious enough, records from the Pretrial Services Office's electronic monitoring of the defendant confirm that he was at home when the fake ODNI number was accessed from the IP address assigned to his residence.

4.      The other IP address associated with the fake ODNI telephone number—174.228.143.60—is a dynamic IP address maintained by Verizon that has been assigned to scores of mobile users in and around the time period in question.  It may therefore prove impossible to trace that particular IP address back to a specific street address at a given time.  Nevertheless, records from the Pretrial Services Office show that COURTNEY was outside of his residence in and around the times that the fake ODNI telephone number was accessed from 174.228.143.60, which is entirely consistent with the defendant accessing the fake telephone number from a mobile device while away from his home internet connection.  Moreover, records from Apple show that the defendant used 174.228.143.60 to access his iTunes account on the same date that he was accessing the fake ODNI telephone number with this very same IP address.  *See* GX 5 at cell R236.  These records leave no room for doubt about who was using the fake ODNI telephone number and posing falsely as "Devon Azzamoria."

5.      *Second*, even if the IP records did not make it painfully obvious, the phone and text logs themselves confirm that COURTNEY is behind the continuing fraud.  The Talkatone records show that the fake ODNI telephone number was used to contact three people: (1) the attorney in Company N's in-house legal department, the same company where COURTNEY previously worked; (2) an official at GSA, the agency that COURTNEY had represented falsely to be involved in his non-existent classified program; and (3) Individual D, a contractor who previously worked with the defendant at NITAAC during the fraudulent scheme described in the statement of facts, and who later purported to "read in" Company N's senior executive to a classified program involving COURTNEY that does not in fact exist.  The defendant is the only

3

person who plausibly could have an incentive to attempt to deceive all of these individuals at the same time.[1]

6. *Third*, the context leaves no doubt that the defendant is behind the fraudulent "Devon Azzamoria" calls and texts. These calls and text messages came immediately in response to a senior executive from Company N demanding proof from a government official that the fake program invented by COURTNEY was real. The senior executive from Company N made this demand directly to a GSA official and Individual D, both of whom had interacted with COURTNEY, and had been held out as being somehow involved in the defendant's bogus classified program. It is obvious, therefore, that the defendant had an immediate and pressing need to invent a fake government persona to try to back up his story. And he did so in a way that fits neatly within his unique *modus operandi*: using the fake name of a non-existent government official supposedly affiliated with the Intelligence Community, and then using fake claims of classification and a bogus non-disclosure agreement to attempt to silence potential victims and witnesses.

---

[1] Since filing its motion to revoke, the government has learned additional information from a GSA official about the nature of the defendant's fraudulent interactions with GSA. More specifically, Talktone records show that COURTNEY used the fake ODNI phone number to send a text message to the GSA official on June 20, 2020. The GSA official retained a copy of that text message, which reads:

> Good morning [GSA official]. This is Devon, a watch officer, from Mr. Bradley Booker's, ODNI, office. We had a request come in yesterday that we need to confirm in regards to a meeting you attended . . . yesterday and just need to confirm a few details.
>
> I apologize for reaching out over the weekend, but we were advised to adjudicate this immediately.

GX 7. The government notes that in drafting this fraudulent text message, the defendant misspelled the name of Bradley Brooker, who is the Principal Deputy General Counsel for the ODNI, and whose name and identity are freely available on the ODNI's public website. *See* https://www.dni.gov/index.php/who-we-are/leadership/196-biographies/565-principal-deputy-general-counsel. The government has confirmed directly with Mr. Brooker that no one named "Devon Azzamoria" is associated with the ODNI watch office, and that the fake VOIP phone number is not associated with the ODNI.

7.      The defendant has also argued that he had no clear motive to engage in this conduct. But that argument also misses the mark. The first and most obvious motive the defendant had was to attempt to silence yet another potential victim and to prevent that victim from coming forward in this case. Executives from Company N had witnessed the defendant's fraudulent conduct and could therefore come forward as the parties prepared for sentencing in this case. If the defendant succeeded in convincing those executives that his program was real or that his conduct was classified, then he might have prevented those individuals from notifying the government or this Court about his fraudulent conduct.

8.      In addition, evidence recently gathered by the government suggests strongly that until just before the government filed its motion to revoke, the defendant was still attempting *to defraud Individual D*. On August 11, 2020, Individual D reached out to the Pretrial Services Department to advise that he/she was about to hire the defendant to provide "marketing, website, social media and branding" for Individual D's company, which provides support to GSA. If the defendant could succeed in convincing Individual D that the bogus classified program was real, that would create the appearance of numerous opportunities to issue contracts through GSA, a steady stream of business for Individual D's company, and in turn sufficient revenue for Individual D to hire COURTNEY. In short, the defendant's efforts to falsely pose as "Devon Azzamoria" and to keep the illusion of a classified program alive appear geared towards benefitting himself financially.

9.      The government is encouraged that the defendant has now stated that he will not contest the motion to revoke his bond. Dkt. No. 22. But the government wishes to make clear that the defendant made this decision in the face of overwhelming evidence that left him no reasonable alternative.

WHEREFORE, the government respectfully requests that this Court revoke the defendant's bond and order him remanded to the custody of the United States Marshal.

Respectfully Submitted,

| | |
|---|---|
| G. Zachary Terwilliger<br>United States Attorney | Corey R. Amundson<br>Chief<br>Public Integrity Section |
| By:    /s/<br>Matthew Burke<br>Heidi Boutros Gesch<br>Raj Parekh<br>Assistant United States Attorneys<br>United States Attorney's Office<br>2100 Jamieson Ave<br>Alexandria, VA<br>Phone: 703-299-3700<br>Fax: 703-299-3981 | By:    /s/<br>Todd Gee<br>Deputy Chief<br>Public Integrity Section<br>Special Assistant United States Attorney<br>Eastern District of Virginia |

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

A copy also will be sent via email to:

>Vakida Wilson
>United States Probation Officer
>Vakida_Wilson@vaep.uscourts.gov

/s/
Matthew Burke
Assistant United States Attorney