IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:20-cr-84 (LO) |
| | ) | |
| GARRISON KENNETH COURTNEY, | ) | |
| also known as | ) | |
| "Garrison Kenneth Pierson Courtney," | ) | |
| "Glenn Nelson," | ) | |
| "Glenn Nielson," | ) | |
| "Gary Pierson," | ) | |
| "Garrison Pierson," | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on June 11, 2020, the defendant, Garrison Kenneth Courtney, also known as

"Garrison Kenneth Pierson Courtney," "Glenn Nelson," "Glenn Nielson," "Gary Pierson," and

"Garrison Pierson," waived indictment and pleaded guilty to a single-count criminal information

charging the defendant with wire fraud, in violation of Title 18, United States Code, Section

1343, and agreed to the entry of a forfeiture money judgment that is the subject of this order of

forfeiture;

WHEREAS, the defendant obtained at least $1,076,961 during the commission of wire

fraud, an amount for which the defendant will be solely liable;

AND WHEREAS, the defendant agreed to waive provisions of Federal Rules of Criminal

Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(4) and 43(a) with respect to notice in the criminal

information that the government will seek forfeiture as part of any sentence in this case, and that

entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The United States of America shall have a forfeiture money judgment, pursuant to Fed. R. Crim. P. 32.2(b)(1), 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. § 2461(c), against the defendant, Garrison Kenneth Courtney, for $1,076,961, an amount that represents the illegal proceeds the defendant obtained during the commission of wire fraud, the offense of conviction, and an amount for which the defendant shall be solely liable.

2.    The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets. The defendant stipulates and the Court finds that the requirements of 21 U.S.C. § 853(p)(1) have been met.

3.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and pursuant to Fed. R. Civil P. 45, the issuance of subpoenas.

4.    Pursuant to Fed. R. Crim. P. 32.2(b)(4), this order shall be included in the judgment in this case.

5.   Because the forfeiture consists of a money judgment, no ancillary proceeding is necessary as directed by Fed. R. Crim. P. 32.2(c)(1).

October 28, 2020
Alexandria, Virginia

_____/s/_____
Liam O'Grady
United States District Judge
United States District Judge Liam O'Grady


WE ASK FOR THIS:

G. Zachary Terwilliger
United States Attorney

By: _____
Matthew Burke
Heidi Boutros Gesch
Assistant United States Attorneys
Raj Parekh
First Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia  22314
Phone:  (703) 299-3700
Fax:  (703) 299-3981

Corey R. Amundson
Chief
Public Integrity Section

_____
Todd Gee
Deputy Chief
Public Integrity Section
Special Assistant United States Attorney
Eastern District of Virginia


_____
Garrison Kenneth Courtney
Defendant


_____
Stuart A. Sears, Esquire
Attorney for Garrison Kenneth Courtney